**UNITED STATES of America, Appellee,**

v.

**Reginald CARTER, Appellant.**

No. 80–5211.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 31, 1981.

Decided Oct. 20, 1981.

Daniel J. Mellin, Baltimore, Md. (Michael E. Marr, Marr & Bennett, P. A., Baltimore, Md., on brief), for appellant.

Daniel F. Goldstein, Asst. U. S. Atty., Baltimore, Md. (Herbert Better, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, and BUTZNER and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

Appellant Reginald Carter pled guilty to one count of armed robbery in violation of 18 U.S.C. § 2113(d). The district court accepted his plea and sentenced him to twenty-two years' imprisonment. On appeal, Carter argues that the district court did not comply with the provisions of Fed.R.Crim.P. 11(c) and that his plea should be set aside and he be permitted to plead anew.[1] Although Carter contends the district court failed to comply with any of the five subsections of section 11(c), in view of our disposition of this matter we find it unnecessary to consider his claims regarding subsections (2) through (5). Finding a failure to comply with subsection (1), we remand in order that Carter may withdraw his plea and plead again.

---

1. Fed.R.Crim.P. 11(c) provides:

(c) **Advice to Defendant.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

Carter originally pled not guilty to a three count indictment charging him with armed robbery and lesser included offenses. As the result of a plea agreement, Carter subsequently pled guilty to armed robbery. The other two counts of the indictment were dismissed.

When Carter entered his guilty plea the Court Clerk asked whether he had read the indictment and whether he understood the charges against him. Carter responded affirmatively. The Clerk then confirmed that Carter was entering a plea of guilty to count three of the indictment.

The district judge addressed Carter and determined that he was not under the influence of narcotics and that he understood the proceedings taking place. The government then outlined in considerable detail the evidence it would produce at trial, including evidence that Carter, displaying a firearm, had participated in the robbery.

In response to questions from the district judge, Carter stated that he had heard the summary of the government's evidence. He also admitted robbing the bank and stated that he understood that by pleading guilty he could face 25 years in jail and a $10,000 fine. Carter also acknowledged that he was forfeiting his right to the presumption of innocence, his right to exert his fifth amendment privilege at trial and his right to cross-examine government witnesses.

Rule 11 was amended in 1966 to expressly require the court to address the defendant personally in the course of determining that the plea was made with understanding of the charge. In the case *sub judice* it was the clerk, not the judge, who asked Carter whether he understood the charges against him. Neither the clerk nor the judge explained the meaning or the elements of the charge.

The United States Supreme Court, in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), addressed the issues of what procedures must be followed under Fed.R.Crim.P. 11 before a district court may accept a guilty plea and the proper remedy for failure to follow those procedures. The Court held that although the district judge queried the defendant regarding the voluntariness of his plea and informed him of the maximum sentence, Rule 11 was violated because the district judge did not personally inquire whether the defendant understood the nature of the charge against him. Concluding that prejudice inheres in any failure to comply with Rule 11, the Court held that the defendant was entitled to plead anew.

This court in *United States v. Boone*, 543 F.2d 1090 (4th Cir. 1976), held that failure to comply with the 1975 amendments to Rule 11, which include subsections (c)(1) through (5), is a *per se* error and that the defendant in such a case must be permitted to withdraw his guilty plea and plead anew.

■ A mere statement by the accused that he understands the charge against him does not relieve the court of the responsibility of further inquiry. *United States v. Howard*, 407 F.2d 1102 (4th Cir. 1968). The court must explain the meaning of the charge and what basic acts must be proved to establish guilt. *United States v. Cantor*, 469 F.2d 435 (3d Cir. 1972).

■ The requirements of Rule 11(c)(1) cannot be satisfied by court personnel, the defendant's pre-arraignment written statement or government representation at arraignment; the court must personally address the defendant and ascertain the nature of his understanding.

■ Although the district judge in the case *sub judice* conducted an otherwise thorough examination of the defendant for Rule 11(c) purposes, the court failed to mention the crime of armed robbery and did not explain its elements or its nature. The decisions of the Supreme Court in *McCarthy* and this court in *Boone* require that this case be reversed and remanded to the district court with direction that the defendant be allowed to withdraw his plea and plead again.

REVERSED AND REMANDED WITH DIRECTIONS.