36 F.3d 1094
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter FREEMAN, a/k/a Jerome Stanley, Defendant-Appellant.
 No. 93-5847.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 21, 1994.
Decided: September 26, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Frank W. Bullock, Jr., Chief District Judge. (CR-93-118)
 John Stuart Bruce, Federal Public Defender's Office, Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Scott P. Mebane, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Peter Freeman appeals his conviction for violation of 8 U.S.C.A. Sec. 1326 (West Supp.1994), reentry after deportation of an alien who has been convicted of an aggravated felony. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal. Freeman was informed of his right to file a supplemental informal brief, but he failed to do so. After a thorough review of the briefs, the joint appendix, and the record, we affirm.
 
 
 2
 In March 1989, Freeman was convicted of possession of cocaine with intent to distribute, an aggravated felony. He was deported in April 1991. Freeman reentered the United States in 1992, and was arrested in North Carolina on a state charge in February 1993. While Freeman was in custody, he was interviewed by Special Agent Patrick Walters of the Immigration and Naturalization Service. Freeman told Walters that his name was Jerome Stanley, and that he was born in New York. However, after an FBI check of Freeman's fingerprints, Walters determined Freeman's identity and that he was a deported felon.
 
 
 3
 Freeman entered into a plea agreement, in which the Government agreed to recommend that he receive a three-point decrease in the offense level for acceptance of responsibility, and that his sentence should be at the low end of the sentencing guidelines range. The district court conducted a full Fed.R.Crim.P. 11 hearing, inquiring as to Freeman's understanding of the offense charged, asking whether anyone had made any promises to induce the plea, and informing him of the possible penalties, the consequences of his plea, and his right to go to trial. See United States v. Carter, 662 F.2d 274 (4th Cir.1981). The court accepted Freeman's plea of guilty.
 
 
 4
 Freeman was sentenced to fifty-seven months in prison, two years of supervised release, and a $50 special assessment. The sentence included a three-point reduction for acceptance of responsibility under United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1992). The guidelines range was fifty-seven to seventy-one months, and the sentence Freeman received was the lowest permissible sentence in the guidelines range.
 
 
 5
 Section 1326 provides that an alien convicted of an aggravated felony, who returns to the United States after deportation without applying to the Attorney General for readmission, is subject to a maximum sentence of fifteen years. 8 U.S.C.A. Sec. 1326(a), (b)(2). Freeman, a citizen of Jamaica, was deported after conviction for an aggravated felony. He did not apply for readmission, but nevertheless returned to the United States. He admitted all of the elements of the offense; further, his admission was corroborated by INS Special Agent Walters. Thus, there was sufficient evidence to provide a factual basis for the conviction. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992).
 
 
 6
 We conclude that there are no grounds for appeal, and consequently affirm Freeman's sentence and conviction. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A (1988)), this Court requires counsel to inform his client, in writing, of his right to petition the Supreme Court for further review. If requested to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED