**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel Moses LONGORIA, Sr.,**
**Defendant–Appellant.**

No. 96–30010.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 1997.

Decided May 7, 1997.

Frank Noonan, Assistant United States Attorney, Portland, OR, for plaintiff-appellee.

William S. Labahn, Eugene, OR, for defendant-appellant.

Before FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge:

This appeal comes to us after a long and tortuous journey through the courts. Suffice it to say that in 1989 Daniel Moses Longoria, Sr., was charged in a multi-count indictment with conspiracy to possess with intent to distribute, and possession and distribution of heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In 1990, Longoria entered a guilty plea to Count 1, the conspiracy count, and was sentenced to 216 months imprisonment. The case eventually came to this court on an appeal from a denial of a motion under 28 U.S.C. § 2255 and was remanded for a hearing on whether Longoria was entitled to file an appeal from the judgment of conviction. On remand, the district court granted the § 2255 motion and Longoria filed his appeal from the original judgment of conviction and sentence. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294.

■■■ Longoria's principal contention on appeal[1] is that his guilty plea hearing violated Rule 11 of the Federal Rules of Criminal Procedure because the court did not "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: (1) the nature of the charge to which the plea is offered...." Fed.R.Crim.P. 11(c)(1). "We review *de novo* whether the court's colloquy with the defendant satisfies the re-

quirements of Rule 11(c)(1)." *United States v. Smith,* 60 F.3d 595, 597 n. 1 (9th Cir.1995). Only the record of the plea proceeding is to be considered. *Id.* at 597.

The relevant part of the plea-taking colloquy is as follows:

THE COURT: Now, at a prior time you appeared before the Court and entered pleas of not guilty to the charges that are in this indictment. Do you wish to change your plea to—today to the conspiracy charge in Count 1 of the indictment?

THE DEFENDANT: Yes, Your Honor.

[The court then advised Longoria of his rights to a jury trial, speedy trial, attorney, confrontation, right to remain silent and burden of proof, maximum sentence, absence of parole, the effect of the Sentencing Guidelines and the plea agreement, and confirmed that no threats or promises had been made to Longoria to induce his plea.]

THE COURT: Would you state in your own words then what you did do that would cause this Count 1, this conspiracy charge to be filed against you?

THE DEFENDANT: I, along with others, in the District of Oregon did knowingly agree to possess, distribute controlled substance in 1989.

THE COURT: Okay. And what was that controlled substance?

THE DEFENDANT: Cocaine.

THE COURT: And did you know it was cocaine?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And did you know that it was against the law to do that, that cocaine was an illegal drug?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And that distribution of it is against the law?

THE DEFENDANT: Yes, your honor.

THE COURT [to the prosecution]: Are there any other questions you want me to ask on behalf of the Government?

---

* Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Longoria makes other claims as well, including claims that (1) the government breached the plea agreement, (2) his counsel was ineffective in ad-

vising him to plead guilty, and (3) a two level enhancement for constructive possession of a gun was unwarranted. Because we find that Longoria is entitled to withdraw his guilty plea, we need not reach these other issues.

MR. NOONAN: I don't think so, Your Honor. Thank you.

This colloquy failed to comply with Rule 11(c)(1) in two respects. First, the court failed to inform Longoria (and determine that he understood) that Count 1 of the indictment charged him with conspiracy to possess and distribute not only cocaine but also heroin. Second, the district judge did not explain the nature of the charge to Longoria; her comments "were inadequate [because they] did not inform the defendant of the *nature* (as opposed to the formal legal description) of the charges against him." *United States v. Bruce,* 976 F.2d 552, 560 (9th Cir.1992) (holding that advising defendant that the information charged him with "conspiracy to manufacture methamphetamine" did not satisfy Rule 11(c)(1)); *see also United States v. Wetterlin,* 583 F.2d 346, 350 (7th Cir.1978) *cert. denied,* 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979) ("The judge made no effort to explain the law of conspiracy generally or by reference to the specific charge of this case, nor did he personally inquire and determine that the defendant understood the nature of the charges.").

The government cites *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), *United States v. Butcher,* 926 F.2d 811 (9th Cir.1991), *United States v. Newman,* 912 F.2d 1119 (9th Cir.1990), and *United States v. Sharp,* 941 F.2d 811 (9th Cir.1991), all for the proposition that the court need not recite each element of the crime. The first three are inapposite, as they do not involve federal proceedings subject to Rule 11. *See Newman,* 912 F.2d at 1123 (distinguishing between requirements of Rule 11 and the constitutional requirement that defendant's plea be knowing and voluntary). *Sharp* found that Rule 11 was complied with where the prosecutor, at the court's request, explained the nature of the charges to the defendant and, according to defendant's counsel, "fairly stated" the charge. 941 F.2d at 816. Here, the court stated nothing at all.

Nor can it be said that the error "does not affect substantial rights." Fed. R.Crim.P. 11(h). "The harmless error clause of Rule 11 permits us to uphold guilty pleas only when there has been 'a minor or technical violation of Rule 11'." *United States v. Gastelum,* 16 F.3d 996, 999 (9th Cir.1994) (quoting *United States v. Graibe,* 946 F.2d 1428, 1433 (9th Cir.1991)). The defendant's right to be informed of the charges against him is at the core of Rule 11, which exists to ensure that guilty pleas are knowing and voluntary. Even if Longoria understood the factual basis for the charge against him, that is not the same as understanding the legal basis for the charge: "[A]n admission of the facts does not speak to the nature of the charge. '[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.'" *Smith,* 60 F.3d at 597 (quoting *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969)). "In the absence of ... an explanation [of the nature and elements of the crime], the district court did not meet its obligation under Rule 11(c)(1) of *informing* the defendant and *determining* that he *understands* the charge to which plea is offered." *Bruce,* 976 F.2d at 560.

Because Longoria's plea was taken in violation of Fed.R.Crim.P. 11, we VACATE the conviction and REMAND for further proceedings consistent with this opinion.

VACATED AND REMANDED.