141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Ignacio GONZALEZ-VALENCIA, Defendant-Appellant.
 No. 97-10149.
D.C. No. CR-F-96-05136-REC.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 6, 1998**.
Decided Mar. 25, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Robert E. Coyle, District Judge, Presiding.
 Before CHOY, SNEED, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ignacio Gonzalez-Valencia appeals his conviction, following his guilty plea to one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a), and one count of being a deported alien found in the United States following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(b)(2). Gonzalez-Valencia contends that his plea of guilty was not voluntary, in violation of Rule 11 of the Federal Rules of Criminal Procedure, and should be vacated. Gonzalez-Valencia contends the district court: (1) failed to inform him directly that the court was required to consider applicable sentencing guidelines, and (2) failed to ask him whether his guilty plea resulted from prior discussions between the government's attorney and the defendant, or the defendant's attorney.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 4
 Gonzalez-Valencia contends the district court erred in not advising him that the court was required to consider applicable sentencing guidelines. This contention lacks merit.
 
 
 5
 Rule 11(c) states that, prior to the acceptance of a guilty plea, "the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances." Fed.R.Crim.P. 11(c).
 
 
 6
 This requirement assures that the existence of guidelines will be known to a defendant before a plea of guilty ... is accepted ... By giving the advice, the court places the defendant and defense counsel on notice of the importance that guidelines may play in sentencing and of the possibility of a departure from those guidelines. A defendant represented by competent counsel will be in a position to enter an intelligent plea.
 
 
 7
 Fed.R.Crim.P. 11 advisory committee's note. Moreover, Rule 11(h) provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h); cf. United States v. Longoria, 113 F.3d 975, 977 (9th Cir.1997) (harmless error clause of Rule 11 permits appellate court to uphold guilty pleas only when there has been a minor or technical violation of the rule). The district court's failure to inform a defendant of the sentencing guidelines does not force a reversal of the conviction so long as the defendant is made aware of the statutory minimum and maximum terms applicable to the relevant charge. See United States v. Ramos, 923 F.2d 1346, 1357 (9th Cir.1991).
 
 
 8
 It is apparent from the transcript that Gonzalez-Valencia knew at the time he pled guilty the maximum sentence he faced. At sentencing, the court ordered him to 84 months imprisonment, a term substantially lower than the potential maximum term of 22 years that Gonzalez-Valencia was informed of at the change of plea proceeding. Thus, Gonzalez-Valencia was not deprived of any substantial right, and any technical violation of Rule 11(c)(1) was harmless error. See Ramos, 923 F.2d at 1357-58; see also Longoria, 113 F.3d at 977.
 
 
 9
 Moreover, during the plea proceeding, Gonzalez-Valencia's counsel informed the court, in response to the court's inquiry, that he had discussed the court's sentencing options and the sentencing guidelines with his client. Thus, the Advisory Committee's statement that a "defendant represented by competent counsel will be in a position to enter an intelligent plea" was complied with here. See Fed.R.Crim.P. 11 advisory committee's note. Accordingly, the district court did not err in finding Gonzales-Valencia's plea to be voluntary and knowing. See Longoria, 113 F.3d at 977.
 
 II.
 
 10
 Gonzalez-Valencia further contends that his guilty plea was not voluntary and should be vacated because the district court failed to inquire of him whether the guilty plea resulted from prior discussions between the government's attorney and him or his attorney. This contention, too, lacks merit.
 
 
 11
 Rule 11(d) provides as follows: "The court shall ... inquire as to whether the defendant's willingness to plead guilty ... results from prior discussions between the attorney for the government and the defendant or the defendant's attorney. Fed.R.Crim .P. 11(d). A district court's failure to inquire specifically whether the defendant had prior discussions with the government's attorney before the acceptance of a guilty plea does not invalidate the guilty plea so long as discussions entered into prior to the guilty plea (i.e., the plea agreement itself) are disclosed. See United States v. Michlin, 34 F.3d 896, 899-900 (9th Cir.1994).
 
 
 12
 Here, the district court inquired into whether any threats or promises had been made to Gonzalez-Valencia in order to induce him to plead guilty. See id. at 900. Gonzalez-Valencia replied that no such threats or promises had been made. The district court's colloquy ensured that any and all promises were disclosed at the guilty plea proceeding, and created a record which establishes that Gonzales-Valencia's waiver was knowing and voluntary. See id. Accordingly, the district court was in compliance with the requirements of Rule 11(d).
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3