**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                     No. 00-4295

SCOTTIE JENKINS, a/k/a Boobie,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-99-769)

Submitted: January 25, 2002

Decided: February 7, 2002

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Frank L. Eppes, EPPES & PLUMBLEE, P.A., Greenville, South Carolina, for Appellant. J. Rene Josey, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Scottie Jenkins appeals his conviction and sentence, pursuant to a guilty plea without a written plea agreement, for conspiracy to possess cocaine base with the intent to distribute in violation of 21 U.S.C.A. § 841, 846 (West 1999 & Supp. 2001). Finding no error, we affirm Jenkins' conviction and sentence.

Jenkins claims the district court did not satisfy the minimum requirements of Fed. R. Crim. P. 11 when it accepted his guilty plea because the court failed to fully explain the elements of the offense and because his testimony could not form the basis of a voluntary and intelligent plea. We have reviewed the record, however, and find no reversible error in Jenkins' Rule 11 hearing. Both the Government in its summary of facts, and the district court in its explanation of the charge contained in the indictment, summarized the elements of the drug conspiracy. *See generally United States v. Rhynes*, 206 F.3d 349, 361 (4th Cir. 1999); *United States v. Carter*, 662 F.2d 274, 276 (4th Cir. 1981). Moreover, at the plea hearing, Jenkins stated he understood the elements of the offense to which he was pleading guilty and indicated he had in fact distributed drugs. Accordingly, we affirm Jenkins' conviction.

Jenkins also claims his 262-month sentence is invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because Jenkins' sentence is not above the thirty year statutory maximum of § 841(b)(1)(C) for a defendant with a prior felony drug conviction, we find *Apprendi* is not implicated and affirm his sentence.*  *See United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc), *petition for cert. filed*, (U.S. Sept. 20, 2001) (No. 01-6398); *United States v. Dinnall*, 269 F.3d 418 (4th Cir. 2001).

We dispense with oral argument because the facts and legal conten-

---

*At the time of the present conviction, Jenkins had two prior convictions for a felony drug offense, thus triggering § 841(b)(1)(C)'s thirty year maximum penalty.

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*