**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-4341

DAMON DADE, a/k/a Johnny,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-425-A)

Submitted: November 20, 2001

Decided: February 7, 2002

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Cheryl J. Sturm, Chadds Ford, Pennsylvania, for Appellant. Kenneth E. Melson, United States Attorney, Mark Grider, Special Assistant United States Attorney, Gene Rossi, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to a plea agreement, Damon Dade pled guilty to conspiracy to possess with intent to distribute one kilogram or more of phencyclidine (PCP), in violation of 21 U.S.C.A. § 846 (West 1999). Dade received a 292-month term of imprisonment. On appeal, Dade argues that his plea agreement is involuntary and unknowing due to ineffective assistance of counsel and that the court did not advise him that drug quantity was an element of the offense. He also raises sentencing issues.

Dade signed a written plea agreement in which he agreed to waive the right to appeal "any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined)." A waiver of appeal provision in a valid plea agreement is enforceable if it results from a knowing and intelligent decision to forego an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). A waiver is ineffective if the district court fails to question the defendant about it, *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). We review de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000).

Here, Dade signed the plea agreement, agreeing to waive the right to challenge the sentence with the stated exception. The Government summarized the plea agreement at the Fed. R. Crim. P. 11 hearing. In response to the district court's inquiry, Dade agreed that the right to appeal his conviction and sentence was expressly waived in the plea agreement. He did not express dissatisfaction with counsel's services. He also stated that he understood the Rule 11 proceeding.

Dade argues that his guilty plea should be invalidated because he received ineffective assistance of counsel. Claims of ineffective assistance are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We have reviewed

the record for error and have found no clear ineffective assistance by trial counsel.

Dade also argues that his plea was taken in violation of Rule 11 because he was not told that drug quantity was an element of the offense that the prosecution would have to prove to a jury beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. This court, in applying *Apprendi* to § 841, held that "the specific threshold [drug] quantity must be treated as an element of an aggravated drug trafficking offense, *i.e.*, charged in the indictment and proved to the jury beyond a reasonable doubt." *United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001) (en banc) (footnotes omitted), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

While a valid guilty plea constitutes an admission of the material elements of the crime, *McCarthy v. United States*, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors, such as defects in the indictment, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), Fed. R. Crim. P. 11(c) requires the district court to inform the defendant of the nature of the charge. To comply with this requirement, the district court must explain what the Government must prove to establish guilt. *United States v. Carter*, 662 F.2d 274, 276 (4th Cir. 1981). Failure to explain the elements of the charge or its nature is per se error. *Id.*; *see United States v. Davis*, 184 F.3d 366, 371 n.5 (4th Cir. 1999). In such a case, unless the error is deemed harmless, the defendant must be permitted to withdraw his guilty plea and enter a new plea. *Id.*; *see also United States v. Longoria*, 113 F.3d 975, 977 (9th Cir. 1997) (vacating guilty plea for failure to explain nature of charge); *United States v. Dewalt*, 92 F.3d 1209, 1213-15 (D.C. Cir. 1996) (same). A violation of Rule 11(c) is harmless error if the error did not violate the defendant's substantial rights. Fed. R. Crim. P. 11(h); *United States v. Thorne*, 153 F.3d 130, 133 (4th Cir. 1998).

In the instant case, Dade was not informed at his Rule 11 hearing that drug quantity was an element of the offense that the Government would be required to prove beyond a reasonable doubt in order to

impose an enhanced sentence under § 841(b)(1)(A) should he go to trial. *Promise*, 255 F.3d at 156-57. This failure to explain the element of drug quantity was error. *See Carter*, 662 F.2d at 276; *Davis*, 184 F.3d at 371 n.5.

However, the plea may be upheld if the failure to inform was harmless error. *See Thorne*, 153 F.3d at 133, *United States v. Goins*, 51 F.3d 400, 402-03 (4th Cir. 1995). Failure to comply with Rule 11 is harmless error if the failure does not violate a defendant's substantial rights. *Id.* To determine whether substantial rights were affected, the court considers: (1) the defendant's knowledge, shown by the record, at the time he pleads guilty; (2) what information would have been added to the defendant's knowledge had Rule 11 been complied with; and (3) how the proper information would have influenced the defendant's decision to plead guilty. *Goins*, 51 F.3d at 402. After reviewing the record, we find that Dade would have decided to plead guilty even if he had been told that the Government would have to prove drug quantity. Therefore, the error was harmless.

On this record, we find that Dade's waiver was knowingly and intelligently made. We further find that sentencing Dade for an aggravated drug offense as charged in the indictment was not error and therefore the waiver is valid. *See United States v. Stewart*, 256 F.3d 231, 252 (4th Cir.) (holding that, even if sentence was plainly erroneous, substantial rights are not affected when the evidence implicating a defendant in an aggravated drug offense was "uncontested and overwhelming"), *cert. denied*, 122 S. Ct. 633 (2001). We therefore dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*