**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Isidro GUZMAN, Defendant—Appellant.**

**No. 01–50674.**

**D.C. No. CR–01–01685–MJL.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2002.*

Decided Oct. 11, 2002.

Before HUG, BRUNETTI and O'SCANNLAIN, Circuit Judges.

MEMORANDUM**

Isidro Guzman appeals his conviction and sentence under 21 U.S.C. §§ 952 and 960 for importation of marijuana.

Guzman first argues the district court erred in failing to make an inquiry and finding as to the quantity of marijuana involved in the offense pursuant to Federal Rule of Criminal Procedure 11. Guzman's argument fails because he pled guilty to Count I of the indictment which alleged that he did knowingly and intentionally import approximately 18.65 kilograms of marijuana. Under Rule 11, the court must inform a defendant of the nature of the charge to which he is pleading guilty and accept a factual basis for the plea. FED. R. CRIM. P. 11(c); *United States v. Longoria*, 113 F.3d 975, 977 (9th Cir.1997). The district court informed Guzman of the nature of the charge and meaningfully questioned him as to the factual basis for his plea.

Guzman also argues that the district court sentenced and convicted him pursuant to unconstitutional statutes. The drug sentencing statutes at issue in this case, 21 U.S.C. §§ 952 and 960, have been held to be facially constitutional. *See United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002) (rejecting constitutional challenge to 960); *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (rejecting constitutional challenge to 952).

Finally, Guzman contends that the district court should have dismissed the indictment because the government failed to allege the quantity and type of controlled substance. First, the government explicitly alleged quantity and type of drug in the indictment. Second, to the extent Guzman argues the district court erred by failing to require proof of mens rea as to type and quantity of controlled substance, this argument is foreclosed by our decision in *United States v. Carranza*, 289 F.3d 634, 643–44 (9th Cir.2002) (holding that government

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

need not prove drug type or knowledge of drug quantity). The district court is therefore affirmed.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.