**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Laura Anne MARQUEZ, Defendant–Appellant.**

No. 00–50566.

D.C. No. CR–00–1772–JTM.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2001.[1]

Decided Oct. 31, 2002.

Appeal from the United States District Court for the Southern District of California, Jeffrey T. Miller, District Judge, Presiding.

Before McKEOWN and FISHER, Circuit Judges, and HAGEN,[2] District Judge.

## MEMORANDUM[3]

Laura Anne Marquez appeals her conviction and sentence for possession and importation of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. We affirm.

According to Marquez, the government proposed that she accept their standard "fast track" offer which required that she (1) waive her right to indictment and plead guilty to an information within thirty days of the initial appearance before a magistrate judge, (2) not file or argue any motions, (3) agree to waive her right to appeal the decision of the district court, and (4) waive her right to receive *Brady* information. In return, the government would recommend a two-level downward departure. Marquez's attorney attempted to

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. The Honorable David Warner Hagen, United States District Court Judge for the District of Nevada, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

have the government remove *Brady* waiver without success.

On July 17, 2000, Marquez pled guilty to Count 1 [importation]. At the hearing the court was informed that there was no plea agreement. The court questioned defense counsel whether he had discussed *Apprendi* with the defendant, and defense counsel confirmed that he had. At the hearing Marquez admitted that she knew there was marijuana in the vehicle she was driving but that she did not know the amount in the vehicle.

The Presentence Report (PSR) started with a base offense level of 18. This was because the quantity was more than 20 kilograms but less than 40 kilograms of marijuana. The report gave Marquez two-level downward adjustments for minor role and acceptance of responsibility plus a one-level adjustment for the timely guilty plea. The report recommended a total offense level of 13, which gave a guideline range of 12 to 18 months. The report recommendation was for 15 months in custody.

In her sentencing memorandum, Marquez objected to the PSR's recommendation of the base offense level on *Apprendi* grounds. She urged it should be level 16, not 18, claiming she had thought she was transporting only 15 pounds of marijuana.[4] She also asked for a two-level downward departure under U.S.S.G. § 5K2.0 based on a "Fast Track Disposition." She stated that she entered her guilty plea at the earliest possible moment and did not file any motions. At sentencing, the court denied this downward departure request. The court found that *Apprendi* had no impact on Marquez at sentencing and imposed a twelve month and one day custodial sentence, and three years supervised release.

Marquez argues that 21 U.S.C. § 960 is facially unconstitutional because it does not require that the drug type and quantity be submitted to the jury as elements of the crime. She bases this argument on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). She further argues that the district court erred under Federal Rule of Criminal Procedure 11(c) by not advising her of these alleged requirements. Marquez's second ground for appeal is that she was denied a departure for "fast track" based solely on her refusal to waive her right to receive *Brady/Giglio* information. Marquez argues that because the plea agreement offered by the government required an unconstitutional concession—the *Brady/Giglio* waiver—the district court acted unconstitutionally in denying her a downward departure.

I.

Marquez's argument that 21 U.S.C. § 960 is facially unconstitutional under *Apprendi* is disposed of by *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002). Her alternative argument that § 960(a) and (b)(4) requires for conviction that she had knowledge of the type and quantity of the controlled substances at issue is foreclosed by *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002).

Marquez also argues that the district court erred under Federal Rule of Criminal Procedure 11(c)(1) by not advising her of the nature of the charge to which she was offering her guilty plea. *See United States v. Longoria*, 113 F.3d 975, 977 (9th Cir.1997). At the plea colloquy the court, Marquez and her counsel had the following exchange:

---

**4.** This is contradicted by her statement under oath to the court at her plea canvas: "I didn't know how much, but I did know it was in my vehicle." Marquez's Excerpts of Record, 16.

THE COURT: As I say, you are charged in Count 1 of the indictment with importation of marijuana. And first I would ask Mr. Britt whether he has discussed with you what we call the elements of the offense, what the Government would have to prove by evidence beyond a reasonable doubt if this case did proceed to trial before you could be found guilty of that charge; Mr. Britt, have you done so?

MR. BRITT: I did, your Honor.

THE COURT: Does your client understand what the elements are?

MR. BRITT: She does, your Honor.

THE COURT: I would advise you, Ms. Marquez, that if this case did go to trial, the Government would have to prove that you intentionally imported marijuana into the United States from outside the United States and that you knew it was marijuana or some other prohibited drug.

THE DEFENDANT: Understood, your Honor.

THE COURT: Is that what you advised her, Mr. Britt?

MR. BRITT: I have, your Honor.

THE COURT: All right. Have you discussed those matters with Mr. Britt, Ms. Marquez?

THE DEFENDANT: Yes.

Excerpts of Record, 10, 11. We hold that by this the defendant was adequately informed of the nature of the charge to which her plea was offered. *Longoria,* 113 F.3d at 977; Fed.R.Crim.P. 11(c)(1).

## II.

Marquez argues that the government unconstitutionally withheld a recommendation for, and the district court unconstitutionally denied, a two-level downward departure due to her refusal to waive her rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as part of the Southern District's standard "fast track" plea bargain agreement. She is incorrect. A *Brady/Giglio* waiver is constitutional because the government is not required to disclose evidence favorable to the defendant prior to entering a plea agreement. *United States v. Ruiz,* —— U.S. ——, 122 S.Ct. 2450, 2454–2457, 153 L.Ed.2d 586 (2002).

## III.

We AFFIRM Marquez's sentence.