**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

TERRANCE ORLANDO DAVIS,
  *Defendant-Appellant.*

No. 02-4374

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-271)

Submitted: November 27, 2002

Decided: December 17, 2002

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Eric Evenson, II, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Terrance Orlando Davis pled guilty to one count of conspiracy to possess with intent to distribute and to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to 120 months in prison. Davis now appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal but asserting that Davis' guilty plea was not knowing and voluntary because the district court failed to advise him at the Fed. R. Crim. P. 11 hearing about the elements of the offense. Davis was advised of his right to file a pro se supplemental brief but declined to do so. For the reasons that follow, we affirm.

Davis contends that his guilty plea was not knowing and voluntary because the district court failed to inform him of the critical elements of the crime with which he was charged. Because Davis never sought to withdraw his guilty plea in the district court, his claim is reviewed for plain error. *United States v. Martinez*, 277 F.3d 517, 524, 527 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002). Failure to explain the elements or nature of the offense during the Rule 11 hearing is per se error. *United States v. Carter*, 662 F.2d 274, 276 (4th Cir. 1981). We find that the error did not affect Davis' substantial rights, however, because the elements were set out in the written plea agreement that he signed and he stated under oath at the Rule 11 hearing that he read the agreement and understood its contents. *Cf. United States v. Goins*, 51 F.3d 400, 402-04 (4th Cir. 1995).

We have reviewed the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*