UNITED STATES of America, Plaintiff—Appellee,

v.

**Douglas H. MOOK, Defendant—Appellant.**

No. 98–10367.
D.C. No. CR–96–01050–MLR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Feb. 27, 2003.

he did not enter a conditional guilty plea. *See United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997).

Before SCHROEDER, Chief Judge,
ALARCÓN and FISHER, Circuit Judges.

## MEMORANDUM *

Douglas H. Mook ("Mook") appeals from the judgment entered upon his guilty plea to one count of bank robbery in violation of 18 U.S.C. § 2113(a). He contends that the district court failed to comply with Rule 11(c) of the Federal Rules of Criminal Procedure during his change of plea hearing because it did not advise him of the nature of the charges against him. We agree, and because we find that the district court's error violated Mook's substantial rights, we reverse the judgment of the district court.[1]

Rule 11 provides that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered." Fed. R.Crim.P. 11(c)(1). Here, the district court violated Rule 11(c)(1) because it failed to explain to Mook the nature of the bank robbery charge to which he was pleading guilty. Indeed, the court did not even list the elements of bank robbery; nor did the prosecutor. The prosecutor did describe the facts that established a factual basis for the plea; however, this recitation of the facts was insufficient to satisfy the requirements of Rule 11. *See United States v. Longoria,* 113 F.3d 975, 977 (9th Cir.1997) ("Even if the defendant understood the factual basis for the charge against him, that is not the same as understanding the legal basis for the charge."). Moreover, "[t]his is not a case in which the district court merely failed to utter verbatim some magical words. The required advisement was not given in any form." *United States v. Graibe,* 946 F.2d 1428, 1434 (9th Cir.1991).

We next review the Rule 11 violation for plain error.[2] "There must be an

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Mook raises other challenges to his conviction that we need not address, in light of our reversal of his conviction on the basis of the Rule 11 violation.

2. Mook argues that we must review the district court's Rule 11 violation for harmless error because he objected to the violation below when he wrote to the district court and

'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). To show that the error affected his substantial rights, Mook must show "(1) that the district court's error was not minor or technical *and* that (2)[he] did not understand the rights at issue when he entered his plea." *United States v. Minore*, 292 F.3d 1109, 1119 (9th Cir.2002). If those requirements are satisfied, we may exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (brackets and internal quotations omitted).

We have already concluded that the district court committed an error, and in light of the clear requirements of the text of Rule 11, the error was plain. Moreover, it is well-settled that the failure to inform a defendant of the nature of the charges against him is not a minor or technical error. *Minore*, 292 F.3d at 1119.

We further conclude that Mook has met his burden of showing that he did not understand the nature of the charges against him. Not only did the court fail to explain the nature of the charges to Mook, but the record reflects that his own attorney did not discuss the charges with him, and that the court was aware of this deficiency. Moreover, in evaluating the sufficiency of the plea colloquy, we must consider "the complexity of the charges and the personal characteristics of the defendant, such as his age, education, intelligence, and the alacrity of his responses, and also whether he is represented by counsel." *U.S. v. Kamer*, 781 F.2d 1380, 1384 (9th Cir.1986). In this case, the district court knew that Mook had been found

incompetent to stand trial by one physician and that the two physicians who found him competent to stand trial diagnosed him with severe personality disorders. Mook's responses during the plea colloquy evidenced no understanding of the nature of the charges against him, and Mook advised the court that he had not understood the consequences of his guilty plea when he asked the court on multiple occasions to withdraw his plea.

In light of Mook's questionable mental condition, his expressed dissatisfaction with his counsel, and his repeated efforts to withdraw his plea, it was incumbent upon the district court to take care to ensure that Mook understood the charges against him. Instead, the court omitted this critical step of the plea colloquy entirely. Because "[t]he defendant's right to be informed of the nature of the charges is so vital and fundamental ... it cannot be said that its omission did not affect his substantial rights and the fairness, integrity, or public reputation of judicial proceedings. The district court's wholesale failure to comply with the requirements of Rule 11 requires that we reverse [the] conviction." *United States v. Pena*, 314 F.3d 1152, 1158 (9th Cir.2003).

**REVERSED AND REMANDED.**

---

asked it to withdraw his guilty plea. We need not decide, however, whether Mook sufficiently raised his objection to the Rule 11 error below because we find that he is entitled to relief even if we review for plain error.