**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4769**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TROY OLIVER,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Margaret B. Seymour, Senior District Judge. (5:12-cr-00808-MBS-8)

———————

Submitted: May 27, 2014          Decided: June 20, 2014

———————

Before GREGORY and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Mario A. Pacella, STROM LAW FIRM, L.L.C., Columbia, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Oliver appeals from his conviction and 120-month sentence imposed following his guilty plea pursuant to a plea agreement to two counts of possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2012). Oliver's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in crediting the sentencing testimony of witness George Torres. Oliver has filed pro se supplemental briefs in which he asserts that his guilty plea was not knowing and voluntary, challenges the district court's calculation of the drug quantity attributable to him under the U.S. Sentencing Guidelines Manual ("U.S.S.G.") (2012), challenges the district court's denial of an offense-level adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility, and argues that trial counsel rendered ineffective assistance. The government declined to file a brief. We affirm.

Oliver contends that his guilty plea was not knowing and voluntary because the district court failed to ensure that he understood the elements of the crimes to which he was pleading guilty. Because Oliver never moved in the district court to withdraw his guilty plea on this basis, we review this claim for plain error only. United States v. Martinez, 277 F.3d

2

517, 524-27 (4th Cir. 2002). Federal Rule of Criminal Procedure 11(b)(1)(G) requires the district court to inform the defendant of and ensure the defendant understands the nature of each charge to which he is pleading guilty. To comply with this requirement, the district court must explain and ensure the defendant understands what the government must prove to establish guilt. See United States v. Carter, 662 F.2d 274, 276 (4th Cir. 1981). Failure to explain the elements or nature of the offense during the Rule 11 hearing is error per se. Id.

After review of the record, we discern no plain error by the district court. At the Rule 11 hearing, the district court orally informed Oliver of the elements of the offenses to which he was pleading guilty and elicited that Oliver understood the crimes with which he was charged and what the government would have to prove to establish his guilt. The elements were also set forth in the written plea agreement that Oliver signed and stated under oath that he understood. Cf. United States v. Goins, 51 F.3d 400, 402-04 (4th Cir. 1995).

Next, both counsel and Oliver challenge the district court's calculation of the relevant drug quantity under the Sentencing Guidelines. Relying in part on the testimony at sentencing by witness George Torres, the district court held Oliver accountable for 4,053.75 kilograms of marijuana equivalency, resulting in a base offense level of thirty-four.

On appeal, counsel argues that the district court erred in crediting Torres's testimony because the testimony was impeached on cross-examination. Even if counsel is correct, however, it was the province of the district court as the finder of fact to determine the credibility of Torres's testimony and the weight to afford it, including by considering any inconsistencies in the testimony. See United States v. Dinkins, 691 F.3d 358, 387 (4th Cir. 2012) (noting that "it is the [fact finder's] province to weigh the credibility of the witnesses, and to resolve any conflicts in the evidence"), cert. denied, 133 S. Ct. 1278 (2013). Accordingly, this claim is without merit.

Oliver argues that the district court violated his Sixth Amendment right to a jury trial when it calculated the relevant drug quantity under the Guidelines without a jury finding beyond a reasonable doubt that the facts supported that calculation. Because Oliver did not raise this objection in the district court, our review is for plain error. United States v. Carthorne, 726 F.3d 503, 509 (4th Cir. 2013), cert. denied, 134 S. Ct. 1326 (2014).

We discern no plain error by the district court. Oliver's counts of conviction carried a statutory maximum prison term of sixty months per count. 21 U.S.C. § 841(b)(1)(D). The district court's application of the base offense level for the drug quantity it attributed to Oliver did not result in a

4

sentence greater than that authorized by Oliver's guilty plea in this case. Accordingly, the district court did not violate the Sixth Amendment in making the calculation. See United States v. Booker, 543 U.S. 220, 232-44 (2005) (holding that judge-found sentence enhancements mandatorily imposed under the Guidelines that result in a sentence greater than that authorized by the jury verdict or facts admitted by the defendant violate the Sixth Amendment's guarantee of the right to trial by jury); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) ("The point is . . . that the Guidelines must be advisory, not that judges may find no facts").

Oliver also questions whether the district court erred in denying him a reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. As Oliver did not object to the district court's decision to deny him a reduction under this provision, we review this claim for plain error as well. Carthorne, 726 F.3d at 509. We discern no plain error by the district court.

A reduction in a defendant's offense level is warranted if he clearly demonstrates acceptance of responsibility for his offenses. U.S.S.G. § 3E1.1. Such an adjustment does not result automatically from the entry of a guilty plea; rather, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and

5

affirmatively accepted personal responsibility for his criminal conduct." United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks omitted). A defendant who "falsely denies, or frivolously contests, relevant conduct that the [district] court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.1(A). We conclude after review of the record that the district court's decision to deny Oliver a reduction under § 3E1.1 for acceptance of responsibility is supported by Oliver's false denial at sentencing of relevant conduct.

Finally, Oliver contends that trial counsel rendered ineffective assistance for not advising him that he could face the statutory maximum sentence of sixty months' imprisonment on each of the counts to which he pled guilty and that the sentences for those counts could run consecutively to one another. After review of the record, we find this claim inappropriate for resolution on direct appeal. Because the record does not conclusively establish ineffectiveness of counsel, Oliver must assert such a claim, if at all, in a motion pursuant to 28 U.S.C § 2255 (2012). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with Anders, we have reviewed the remainder of the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment.

6

This court requires that counsel inform Oliver, in writing, of the right to petition the Supreme Court of the United States for further review. If Oliver requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Oliver.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7